## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KENT L. DRAKE | |
| Plaintiff, | Civil Action No. 2:19-cv-13049-CCC-MF |
| v. | |
| BRUCE TELEKY, | **MOTION TO STRIKE DEFENDANTS'** |
| BRUCE TELEKY, INC., | **FIRST, SECOND, SIXTH, SEVENTH,** |
| POSTERAZZI CORP., | **AND EIGHTH AFFIRMATIVE DEFENSES** |
| AMAZON.COM INC., | |
| WALMART INC., | |
| Defendants. | |

Kent L. Drake (hereinafter "Plaintiff"), by and through his attorneys, The PLK Law Group, P.C., hereby moves this court, pursuant to Federal Rule Civil Procedure 12(f), to strike Bruce Teleky and Bruce Teleky, Inc.'s (hereinafter collectively "Defendants") first, second, sixth, seventh, and eight affirmative defenses, on the grounds that they are insufficient as they fail to state legal defenses.

### Introduction

1. Plaintiff moves to strike Defendants' first, second, sixth, seventh, and eight affirmative defenses (collectively hereinafter "Affirmative Defenses") because they are conclusory statements that fail to provide any useful information to Plaintiff or this Court concerning which of Plaintiff's claims are barred and why the alleged defenses might bar any of Plaintiff's claims.

2. The Affirmative Defenses fail to state any substantive facts particular to the present action which would give rise to support any of these defenses.

3.      By making such vague assertions and merely identifying legal terms as affirmative defenses, Defendants fail to provide Plaintiff with fair notice of Defendants' defenses, and if permitted to stand, these defenses might open discovery on issues irrelevant to the conduct at issue in this case, and thereby prejudice Plaintiff by forcing him to expend time and resources in litigating spurious issues.

## Facts Supporting the Relief Request

4.      On May 29, 2019, Plaintiff filed a complaint against Defendants alleging claims of (i) copyright infringement, (ii) contributory copyright infringement, (iii) vicarious copyright infringement, (iv) common law copyright infringement, (v) common law civil conspiracy, (vi) common law tortious interference with an economic advantage, and (vii) violation of the consumer fraud act  [DE#1]. On July 19, 2019, Defendants filed their answer and affirmative defenses to the complaint [DE#34].

5.      Plaintiff seeks to strike Defendants' Affirmative Defenses Answer as they are not properly pled affirmative defenses, are insufficient as a matter of law, or are inapplicable against Plaintiff in this case. See Answer pp. 5.

## Legal Argument and Citation to Authority

6.      A motion to strike is governed by Federal Rule of Civil Procedure 12(f), which provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED.R.CIV.P 12(f). An affirmative defense is governed by Federal Rule of Civil Procedure 8(c)(1), which provides that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed.R.Civ.P 8(c)(1). An affirmative defense is a "defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true."

*Black's Law Dictionary* at 451 (8th ed. 2004). "The Court can strike an affirmative defense when it is legally insufficient to prevent recovery under any state of facts reasonably able to be inferred from the well pleaded allegations of the answer." Warner/Chappel Music, Inc. v. Pilz Compact Disc, Inc., No. 99-293, 1999 U.S. Dist. LEXIS 17161, at *7 (E.D. Pa. Oct. 26, 1999).

7.      Although FRCP 8 does not require a defendant to set forth detailed factual allegations, a defendant must at least give the plaintiff a "fair notice" of the nature of the defenses and the grounds upon which they rest. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553 (2007). Therefore, an affirmative defense which fails to provide "fair notice" as to the nature of the respective defense asserted as well as the grounds on which such defense is based upon, is not sufficient, and thus, must be stricken. Id.

8.      Accordingly, the Third Circuit has held that an affirmative defense must "provide fair notice of the issue involved." Tyco Fire Prods. LP v. Victaulic Co., 777 F. Supp. 2d 893, 900 (E.D. Pa. 2011). "[F]air notice requires more than a mere rote recitation of generally available affirmative defenses without citation to any other fact or premise from which an inference may arise that the stated defense is logically related to the case in any way." Mifflinburg Tel., Inc. v. Criswell, 80 F. Supp. 3d 566, 574 (M.D. Pa. 2015). Therefore, "a defendant must state some basis for asserting the affirmative defense[] and may not merely recite all potential affirmative defenses available." Alliance Indus. Ltd. v. A-1 Specialized Servs. & Supplies, Inc., No. 13-2510, 2014 U.S. Dist. LEXIS 127601, 2014 WL 4548474, at *2 (E.D. Pa. Sept. 11, 2014).

9.      Defendants' first affirmative defense states that "[t]he Complaint fails to state a claim upon which relief can be granted." Answer p.15. Defendants' first affirmative defense fails to provide Plaintiff with fair notice as it does not cite to any fact or premise. See Criswell, 80 F.

3

Supp. 3d at 574. The Third Circuit has held that "[a]ffirmative defenses that are merely bare bones conclusory allegations do not meet the standards of Rule 8 and must be stricken." Directv, Inc. v. Semulka, Civil Action No. 04-769, 2006 U.S. Dist. LEXIS 15043, at \*3-4 (W.D. Pa. Feb. 9, 2006). Defendants have failed to include any basis for this claim and have simply recited a legal conclusion. A claim that fails to assert the grounds on which the defense is based upon is insufficient and must be stricken. See Twombly, 550 U.S. at 553; See also Criswell, 80 F. Supp. 3d at 574. As such, Defendants' first affirmative defense must be stricken as they failed to provide fair notice to Plaintiff.

10. Defendants' second affirmative defense states that "Plaintiff's claims are barred in whole or in part under principles of equity, including without limitation, laches, waiver, estoppel, acquiescence, and unclean hands." Answer p. 15. Neighboring Circuits have held that equitable defenses "must be pled with the specific elements required to establish the defense." Yash Raj Films (USA) Inc. v. Atl. Video, No. 03 C 7069, 2004 U.S. Dist. LEXIS 9739, at \*9 (N.D. Ill. May 27, 2004). Defendants have failed to state any elements to support their second affirmative defense. Moreover, Defendants second affirmative defense does not provide Plaintiff with fair notice as it fails to cite any fact or premise to support why Plaintiff's claims could be barred under the principles of equity. As such, Defendants' second affirmative defense must be stricken.

11. Furthermore, Defendants group several claims under one single affirmative defense, supported by arbitrary language such as 'including without limitation'. See Answer p.15. These claims should be alleged in their own respective affirmative defense as the language in the second affirmative defense is arbitrary, and thus, prejudicing Plaintiff. Moreover, such language allows Defendants to simply recite all available defenses without providing a basis for those

4

respective claims. The second affirmative defense's recital of available defenses without stating any other fact or premise does not provide fair notice to Plaintiff, and thus, must be stricken.

12.     Regarding Defendants reference to estoppel in their second affirmative defense, Defendants failed to provide any facts to support why Plaintiff should be estopped from asserting copyright infringement. See Answer pg. 15. "For estoppel to apply, an alleged infringer must show that the copyright owner was aware of the infringing conduct and yet acted in a way that induced the infringer to reasonably rely upon such action to his detriment." Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc., 275 F. Supp. 2d 543, 555 (D.N.J. 2003). There is nothing in the contested facts to suggest that Defendants detrimentally relied, in any way, on Plaintiff's conduct or actions. As such, Defendants' second affirmative defense is legally insufficient as the facts do not support such a claim, and must be stricken accordingly.

13.     Regarding Defendants reference to laches in their second affirmative defense, Defendants failed to provide any facts to support why the doctrine of laches would bar Plaintiff's claims. See Answer pg. 15. "The doctrine of laches consists of two essential elements: (1) inexcusable delay in instituting suit, and (2) prejudice resulting to the defendant from such delay. Warner/Chappel Music, Inc. v. Pilz Compact Disc, Inc., No. 99-293, 1999 U.S. Dist. LEXIS 17161, at *10-11 (E.D. Pa. Oct. 26, 1999). In addition, "even if the two essential elements of the doctrine of laches were present, it is common for courts not to bar the claims when injunctive relief is sought." Warner/Chappel Music, Inc. v. Pilz Compact Disc, Inc., No. 99-293, 1999 U.S. Dist. LEXIS 17161, at *11 (E.D. Pa. Oct. 26, 1999). Since Plaintiff was not given fair notice due to Defendants' failure to provide a basis to support either element of laches, Defendants' second affirmative defense must be stricken.

14.     Defendants' second affirmative defense also stated that Plaintiff's claims are barred by the doctrine of unclean hands. See Answer p. 15. "To prevail on an unclean hands defense, the defendant must show fraud, unconscionability, or bad faith on the part of the plaintiff." S&R Corp. v. Jiffy Lube Int'l, Inc., 968 F.2d 371, 377 n. 7 (3d Cir. 1992). "Such action must be "directly related to the matter in issue", must "injure[] the other party", and must "affect[] the balance of equities between the litigants." Malibu Media, LLC v. Lee, No. 12-03900, 2013 U.S. Dist. LEXIS 72218, at *23 (D.N.J. May 22, 2013). (quoting Castle v. Cohen, 676 F. Supp. 620, 627 (E.D. Pa. 1987)). "The defense of unclean hands in a copyright infringement action "is recognized only rarely, when the plaintiff's transgression is of serious proportions and relates directly to the subject matter of the infringement action." The unclean hands defense should be rejected when the "plaintiff's transgression is of an extraneous, immaterial, or inconsequential nature, or possibly when the defendant has been guilty of conduct more unconscionable and unworthy than the plaintiff's." FMC Corp. v. Control Sols., Inc., 369 F. Supp. 2d 539, 584 (E.D. Pa. 2005) (quoting Nimmer on Copyright § 13.09[B]). Accordingly, Defendants' affirmative defense of unclean hands should relate directly to the copyright infringement. See Malibu Media, at *25. However, Defendants second affirmative defense did not state how the doctrine of unclean hands directly relates to copyright infringement nor did it state facts to support any alleged transgression by Plaintiff. As such, Defendants second affirmative defense is legally insufficient and must be stricken accordingly. Id.

15.     Defendants' sixth affirmative defense states that "Plaintiff's claims are barred in whole or part by the applicable statute of limitations." Answer p. 16. Defendants failed to reference a statute of limitation period in which they are relying upon. See Answer p. 16. Accordingly, Defendants' sixth affirmative defense fails to provide Plaintiff with fair notice as it does not cite

to any fact or premise regarding a time period subject to a statute of limitations. Defendants' sixth affirmative defense is merely a bare bones conclusory allegation which does not meet the standards of FRCP 8 as Defendants simply recited a legal conclusion without asserting the grounds on which the defense is based upon. See Fed.R.Civ.P. 8; see also Directv, at *3-4. Defendants have failed to include any basis for their sixth affirmative defense, and as such, it must be stricken accordingly. See Directv, at *3-4.

16.     Defendants' seventh affirmative defense states that "Plaintiff's claims arising under New Jersey law are pre-empted by the Copyright Act." Answer p. 16. Defendants failed to specify which New Jersey law they are referencing and why such claim would be preempted by the Copyright Act. See Answer p. 16. Accordingly, Defendants' seventh affirmative defense fails to provide Plaintiff with fair notice as it does not cite to any fact or premise regarding the Copyright Act's preemption of a New Jersey law. Defendants' seventh affirmative defense does not meet the standards of Rule 8 as it is a conclusory allegation which fails to assert the grounds on which the defense is based upon. See FED.R.CIV.P. 8; see also Directv, at *3-4. Defendants have failed to include any basis for this claim and have simply recited a legal conclusion. As such, Defendants' seventh affirmative defense must be stricken. See Directv, at *3-4.

17.     Defendants' eight affirmative defense states that "[t]o the extent, if any, Plaintiff holds valid copyrights, said copyrights are not infringed." Answer p. 16. Defendants are claiming noninfringement in their eighth affirmative defense, however they failed to cite to any fact or premise to support this claim. See Answer p. 16. Accordingly, Defendants' eighth affirmative defense is insufficient and fails to provide Plaintiff with fair notice as it does not include any grounds for which the defense is based upon. As such, Defendants' eighth affirmative defense must be stricken. See Directv, at *3-4.

18.    For the reasons stated above, Plaintiff respectfully requests that the Court strike Defendants' Affirmative Defenses under Rule 12(f).

19.    A proposed Order is attached hereto as Exhibit "A".

WHEREFORE, Plaintiff requests the entry of an order granting the relief requested herein and for any other relief the Court deems appropriate.


Respectfully Submitted,

THE PLK LAW GROUP, P.C.

Dated: August 9, 2019        By: /s/Patricia Lawrence-Kolaras
                             Patricia Lawrence-Kolaras, Esq.
                             284 U.S. Route 206, Building E, Suite 10
                             Hillsborough, New Jersey 08844
                             Phone: (908) 431-3108
                             Fax: (908)431-3109
                             Email: patricia@plklawgroup.com

                             *Counsel for Kent L. Drake*

8