**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

KENT L. DRAKE,

                      Plaintiff,

     vs.

BRUCE TELEKY, BRUCE TELEKY, INC.,
POSTERAZZI CORP., AMAZON.COM, INC.,
WALMART, INC.,

                      Defendants.

**Civil Action No. 2:19-CV-13049**

**FIRST AMENDED ANSWER**

**Jury Demand**

Defendants Bruce Teleky and Bruce Teleky Inc. (hereinafter collectively "Defendants"), by and through their attorneys, Wilson Elser Moskowitz Edelman & Dicker, LLP, file this Amended Answer pursuant to Fed. R. Civ. P. 15(a)(1)(B), and herby answer and respond to the allegations in the Complaint ("Complaint") of Plaintiff Kent L. Drake ("Plaintiff") in the above action as follows:

**ANSWERING "STATEMENT OF THE CASE"**

1.     Defendants admit that the action is styled as one for copyright infringement, civil conspiracy, tortious interference with economic advantage, and violation of the consumer fraud act as alleged in paragraph 1 of the Complaint, but denies that Defendant is liable for any such claims. All allegations not expressly admitted are denied.

2.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and on that basis deny the same.

3.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint as phrased, and on that basis deny the same.

## ANSWERING "JURISDICTION AND VENUE"

4.    Defendants state that the allegations contained in paragraph 4 of the Complaint set forth legal conclusions to which no response is required, but to the extent a response may be deemed required, admit that the Complaint purports to set forth claims for copyright infringement under the Copyright Act, and Defendant refers all questions of law to this Honorable Court.

5.    Defendants state that the allegations contained in paragraph 5 (including all subsections a-c) of the Complaint set forth legal conclusions to which no response is required, but to the extent a response may be deemed required, admit that Bruce Teleky engages in business within New Jersey and denies all other allegations contained in paragraph 5 of the Complaint. Defendants refer all questions of law to this Honorable Court.

6.    Defendants state that the allegations contained in paragraph 6 (including subsections a-c) of the Complaint set forth legal conclusions to which no response is required, but to the extent a response may be deemed required, admit that Bruce Teleky engages in business within New Jersey and denies all other allegations contained in paragraph 6 of the Complaint. Defendants refer all questions of law to this Honorable Court.

7.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 (including subsections a-c) of the Complaint, and on that basis deny the same.

8.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 (including subsections a-c) of the Complaint, and on that basis deny the same.

9.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 (subsections a-c) of the Complaint, and on that basis

2

deny the same.

10.    Defendants state that the allegations contained in paragraph 10 of the Complaint set forth legal conclusions to which no response is required, and Defendant refers all questions of law to this Honorable Court.

## ANSWERING "PARTIES"

11.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and on that basis deny the same.

12.    Defendants admit the allegations contained in paragraph 12 of the Complaint.

13.    Defendants admit the allegations contained in paragraph 13 of the Complaint.

14.    Defendants admit the allegations contained in paragraph 14 of the Complaint.

15.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and on that basis deny the same.

16.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and on that basis deny the same.

17.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and on that basis deny the same.

18.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and on that basis deny the same.

19.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and on that basis deny the same.

20.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and on that basis deny the same.

10042171v.1

## ANSWERING "FACTUAL BACKGROUND"

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and on that basis deny the same.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and on that basis deny the same.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and on that basis deny the same.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and on that basis deny the same.

27. Defendants admit that they met with Plaintiff and Plaintiff's daughter on or about June 21, 2017, but deny the remaining allegations contained in paragraph 27 of the Complaint as phrased. All allegations not expressly admitted are denied.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and on that basis deny the same.

30. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, and on that basis deny the same.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

10042171v.1

35.     Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.     Defendants admit that Bruce Teleky is familiar with Plaintiff and the Painting-in-Suit as of the date of this Answer, and deny all remaining allegations contained in paragraph 36 of the Complaint. All allegations not expressly admitted are denied.

37.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint, and on that basis deny the same.

38.     Defendants admit that they met with Plaintiff and Plaintiff's daughter on or about June 21, 2017, but deny the remaining allegations contained in paragraph 38 of the Complaint as phrased.  All allegations not expressly admitted are denied.

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint as phrased.

41.     Defendants deny the allegations contained in paragraph 41 (mislabeled as paragraph 42) of the Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Responding to paragraph 48 of the Complaint, Defendants admit that Bruce Teleky did not directly compensate Plaintiff for use of the Painting-in-Suit.  All allegations not expressly admitted are denied.

10042171v.1

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.     Defendants admit the allegations contained in paragraph 54 of the Complaint.

55.     Defendants admit that Bruce Teleky Inc. is the registrant of the website www.teleky.com and that the website is accessible to Internet users within New Jersey and this judicial district as alleged in paragraph 55 of the Complaint.  All allegations not expressly admitted are denied.

56.     Defendants assume, but are not sure, that Bruce Teleky Inc. is the registrant of the social media accounts listed in paragraph 56 of the Complaint as an intern created the accounts and thus Defendants assume, but are not sure, that those social media accounts are accessible to Internet users within New Jersey and this judicial district as alleged in paragraph 55 of the Complaint.   All allegations not expressly admitted are denied.

57.     Defendants deny the allegations contained in paragraph 57 of the Complaint as phrased.

58.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint, and on that basis deny the same.

59.     Responding to paragraph 59 of the Complaint, Defendants admit that Bruce Teleky Inc. sells products to wholesale consumers, including those located in New Jersey, as alleged in paragraph 59 of the Complaint.  All allegations not expressly admitted are denied.

60.     Defendants deny the allegations contained in paragraph 60 of the Complaint.

10042171v.1

61.    Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.    Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.    Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.    Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.    Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.    Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.    Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.    Responding to paragraph 68 of the Complaint, Defendants admit that Bruce Teleky Inc. did not directly compensate Plaintiff for use of the Painting-in-Suit.  All allegations not expressly admitted are denied.

69.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint, and on that basis deny the same.

70.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint, and on that basis deny the same.

71.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint, and on that basis deny the same.

72.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint, and on that basis deny the same.

73.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint, and on that basis deny the same.

74.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint, and on that basis deny the same.

75.    Defendants deny knowledge or information sufficient to form a belief as to the truth

10042171v.1

of the allegations contained in paragraph 75 of the Complaint, and on that basis deny the same.

76.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint, and on that basis deny the same.

77.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint, and on that basis deny the same.

78.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint, and on that basis deny the same.

79.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint, and on that basis deny the same.

80.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint, and on that basis deny the same.

81.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint, and on that basis deny the same.

82.    Defendants deny the allegations contained in paragraph 82 of the Complaint.

83.    Defendants deny the allegations contained in paragraph 83 of the Complaint.

84.    Defendants deny the allegations contained in paragraph 84 of the Complaint.

85.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint, and on that basis deny the same.

86.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint, and on that basis deny the same.

87.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint, and on that basis deny the same.

88.    Defendants deny knowledge or information sufficient to form a belief as to the truth

10042171v.1

of the allegations contained in paragraph 88 of the Complaint, and on that basis deny the same.

89.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint, and on that basis deny the same.

90.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint, and on that basis deny the same.

91.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Complaint, and on that basis deny the same.

92.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Complaint, and on that basis deny the same.

93.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Complaint, and on that basis deny the same.

94.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Complaint, and on that basis deny the same.

95.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint, and on that basis deny the same.

96.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Complaint, and on that basis deny the same.

97.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Complaint, and on that basis deny the same.

98.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Complaint, and on that basis deny the same.

99.    Defendant denies the allegations contained in paragraph 99 of the Complaint.

100.    Defendant denies the allegations contained in paragraph 100 of the Complaint.

101.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Complaint, and on that basis deny the same.

102.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint, and on that basis deny the same.

103.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint, and on that basis deny the same.

104.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint, and on that basis deny the same.

105.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint, and on that basis deny the same.

106.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Complaint, and on that basis deny the same.

107.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Complaint, and on that basis deny the same.

108.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Complaint, and on that basis deny the same.

109.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Complaint, and on that basis deny the same.

110.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the Complaint, and on that basis deny the same.

111.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Complaint, and on that basis deny the same.

112.    Defendants deny knowledge or information sufficient to form a belief as to the truth

10042171v.1

of the allegations contained in paragraph 112 of the Complaint, and on that basis deny the same.

113.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the Complaint, and on that basis deny the same.

114.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of the Complaint, and on that basis deny the same.

115.    Defendants deny the allegations contained in paragraph 115 of the Complaint.

116.    Defendants deny the allegations contained in paragraph 116 of the Complaint.

117.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the Complaint, and on that basis deny the same.

118.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the Complaint, and on that basis deny the same.

119.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of the Complaint, and on that basis deny the same.

120.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 of the Complaint, and on that basis deny the same.

## ANSWERING "FIRST CLAIM FOR RELIEF"

121.    Defendants deny the allegations contained paragraph 121 of the Complaint, and repeat and incorporate the answers and allegations set forth at paragraphs 1 through 120 above as if fully set forth herein.

122.    Defendants deny the allegations contained in paragraph 122 of the Complaint.

123.    Defendants deny the allegations contained in paragraph 123 of the Complaint.

124.    Defendants deny the allegations contained in paragraph 124 of the Complaint.

125.    Defendants deny the allegations contained in paragraph 125 of the Complaint.

11

10042171v.1

126.    Defendants deny the allegations contained in paragraph 126 of the Complaint.

127.    Defendants deny the allegations contained in paragraph 127 of the Complaint.

128.    Defendants deny the allegations contained in paragraph 128 of the Complaint.

129.    Defendants deny the allegations contained in paragraph 129 of the Complaint.

130.    Defendants deny the allegations contained in paragraph 130 of the Complaint.

131.    Defendants deny the allegations contained in paragraph 131 of the Complaint.

132.    Defendants deny the allegations contained in paragraph 132 of the Complaint.

## ANSWERING "SECOND CLAIM FOR RELIEF"

133.    Defendants deny the allegations contained paragraph 133 of the Complaint, and repeat and incorporate the answers and allegations set forth at paragraphs 1 through 120 above as if fully set forth herein.

134.    Defendants deny the allegations contained in paragraph 134 of the Complaint.

135.    Defendants deny the allegations contained in paragraph 135 of the Complaint.

136.    Defendants deny the allegations contained in paragraph 136 of the Complaint.

137.    Defendants deny the allegations contained in paragraph 137 of the Complaint.

138.    Defendants deny the allegations contained in paragraph 138 of the Complaint.

139.    Defendants deny the allegations contained in paragraph 139 of the Complaint.

140.    Defendants deny the allegations contained in paragraph 140 of the Complaint.

## ANSWERING "THIRD CLAIM FOR RELIEF"

141.    Defendants deny the allegations contained in paragraph 141 of the Complaint.

142.    Defendants deny the allegations contained in paragraph 142 of the Complaint.

143.    Defendants deny the allegations contained in paragraph 143 of the Complaint.

144.    Defendants deny the allegations contained in paragraph 144 of the Complaint.

10042171v.1

145.    Defendants deny the allegations contained in paragraph 145 of the Complaint.

146.    Defendants deny the allegations contained in paragraph 146 of the Complaint.

147.    Defendants deny the allegations contained in paragraph 147 of the Complaint.

148.    Defendants deny the allegations contained in paragraph 148 of the Complaint.

149.    Defendants deny the allegations contained in paragraph 149 of the Complaint.

150.    Defendants deny the allegations contained in paragraph 150 of the Complaint.

151.    Defendants deny the allegations contained in paragraph 140 of the Complaint.

### ANSWERING "FOURTH CLAIM FOR RELIEF"

152.    Defendants deny the allegations contained paragraph 152 of the Complaint, and repeat and incorporate the answers and allegations set forth at paragraphs 1 through 120 above as if fully set forth herein.

153.    Defendants deny the allegations contained in paragraph 153 of the Complaint.

154.    Defendants deny the allegations contained in paragraph 154 of the Complaint.

155.    Defendants deny the allegations contained in paragraph 155 of the Complaint.

156.    Defendants deny the allegations contained in paragraph 156 of the Complaint.

157.    Defendants deny the allegations contained in paragraph 157 of the Complaint.

158.    Defendants deny the allegations contained in paragraph 158 of the Complaint.

159.    Defendants deny the allegations contained in paragraph 159 of the Complaint.

160.    Defendants deny the allegations contained in paragraph 160 of the Complaint.

161.    Defendants deny the allegations contained in paragraph 161 of the Complaint.

162.    Defendants deny the allegations contained in paragraph 162 of the Complaint.

### ANSWERING "FIFTH CLAIM FOR RELIEF"

163.    Defendants deny the allegations contained paragraph 163 of the Complaint, and

repeat and incorporate the answers and allegations set forth at paragraphs 1 through 120 above as if fully set forth herein.

164.    Defendants deny the allegations contained in paragraph 162 of the Complaint.

165.    Defendants deny the allegations contained in paragraph 162 of the Complaint.

166.    Defendants deny the allegations contained in paragraph 162 of the Complaint.

167.    Defendants deny the allegations contained in paragraph 162 of the Complaint.

168.    Defendants deny the allegations contained in paragraph 162 of the Complaint.

169.    Defendants deny the allegations contained in paragraph 162 of the Complaint.

## ANSWERING "SIXTH CLAIM FOR RELIEF"

170.    Defendants deny the allegations contained paragraph 170 of the Complaint, and repeat and incorporate the answers and allegations set forth at paragraphs 1 through 120 above as if fully set forth herein.

171.    Defendants deny the allegations contained in paragraph 171 of the Complaint.

172.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 172 of the Complaint, and on that basis deny the same.

173.    Defendants deny the allegations contained in paragraph 173 of the Complaint.

174.    Defendants deny the allegations contained in paragraph 174 of the Complaint.

175.    Defendants deny the allegations contained in paragraph 175 of the Complaint.

176.    Defendants deny the allegations contained in paragraph 176 of the Complaint.

177.    Defendants deny the allegations contained in paragraph 177 of the Complaint.

178.    Defendants deny the allegations contained in paragraph 178 of the Complaint.

## ANSWERING "SEVENTH CLAIM FOR RELIEF"

179.    Defendants deny the allegations contained paragraph 179 of the Complaint, and

repeat and incorporate the answers and allegations set forth at paragraphs 1 through 113 above as if fully set forth herein.

180.    Defendants deny the allegations contained in paragraph 180 of the Complaint.

181.    Defendants deny the allegations contained in paragraph 181 of the Complaint.

182.    Defendants deny the allegations contained in paragraph 182 of the Complaint.

183.    Defendants deny the allegations contained in paragraph 183 of the Complaint.

184.    Defendants deny the allegations contained in paragraph 184 of the Complaint.

185.    Defendants deny the allegations contained in paragraph 185 of the Complaint.

## ANSWERING PLAINTIFF'S PRAYERS FOR RELIEF

The Prayers for Relief require no response.  To the extent any response is deemed required, Defendants deny that Plaintiff should be granted any of the relief requested in the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendants asserts the following additional defenses to Plaintiff's claims.  The assertion of such defenses, or the designation of a defense as an "affirmative defense," does not admit that Defendants have the burden of proving the matter asserted.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

Copyright infringement is subject to a three-year statute of limitations.  "No civil action shall be maintained under the provisions of [the Copyright Act] unless it is commenced within three years after the claim accrued."  17 U.S.C. § 507(b).  "[A] claim accrues when the plaintiff discovers or should have discovered with 'due diligence' that his rights had been violated..."  Live Face on Web, LLC v. Smart Move Search, Inc., No. 15-4198 (JHR/AMD), 2017 U.S. Dist. LEXIS

15

10042171v.1

40247, *5 n.2 (D.N.J. Mar. 21, 2017) (citing Brownstein v. Lindsay, 742 F.3d 55, 69-70 (3d Cir. 2014)).

Here, Plaintiff affirmatively alleges that he knew that his rights had been violated in 2015. Compl. at ¶¶ 26, 37.  Even assuming arguendo that Plaintiff first became aware of the alleged infringement on the last day 2015, the statute of limitations ran on his claims no later than January 1, 2019.   The Complaint was not filed until May 29, 2019—almost five full months too late.

Moreover, Defendants, at minimum, enjoy a valid license in the subject work.  Specifically, Defendants' rights to the Painting-in-Suit were obtained from non-parties Jan Persson and Essence Art Reproductions on October 27, 2008 for a sum of $20,000.00 (Twenty Thousand Dollars) in exchange for which Defendants received all right, title and interest in several artworks, including the Painting-in-Suit, to the extent such right, title and interest was then-owned by Jan Persson and Essence Art Reproductions. In turn, Jan Persson and Essence Art Reproductions acquired their rights to the Painting-in-Suit via a Publishing Agreement with Mandrake Associates in 1999.  In the Publishing Agreement, Mandrake Associates "assigns, with no time limit, the worldwide reproduction rights" to "AND GOD SAW" to Jan Persson and Essence Art Reproductions.  Upon information and belief, Mandrake Associates was formed and operated by Plaintiff and his then-agent and girlfriend Gabriella Skylar, and Mandrake Associates represented that it had all right, title and interest to "AND GOD SAW" at the time of Mandrake Associates' contracting with Jan Persson and Essence Art Reproductions.  Accordingly, Plaintiff cannot state a claim under the Copyright Act.

The civil conspiracy cause of action is derivative of the copyright infringement claims, and therefore also fail.  *See Aletta v. County of Bergen*, 2015 N.J. Super. Unpub. LEXIS 1722, *19 (N.J. Sup. Ct., Bergen Cty. June 30, 2015).

16

With respect to the common law copyright claim under New Jersey law, such claims are *per se* pre-empted by the Copyright Act, except for certain categories of works fixed prior to January 1, 1978. *See Rowe v. Golden W. TV Prods.*, 184 N.J. Super. 264, 273, 445 A.2d 1165 (Super. Ct. App. Div. 1982). Plaintiff expressly pleads that the work-in-suit was fixed in 1993. Compl. at ¶ 23. Therefore, the Complaint fails to state a claim for common law copyright infringement.

With respect to the state law claims of civil conspiracy, tortious interference, and violation of the New Jersey Consumer Fraud Act, plaintiff also fails to state claim because, *inter alia*, these causes of action are preempted by federal law. "Pursuant to § 301, a state law claim is preempted by the federal copyright laws if the following two conditions are satisfied: (1) the subject matter of the work which gives rise to the state law claim falls within the subject matter of the copyright laws as set forth in sections 102 and 103 of Title 17; and (2) the state law creates rights which are 'equivalent to' any of the exclusive rights granted to a copyright holder under § 106." *SBK Catalogue P'ship v. Orion Pictures Corp.*, 723 F. Supp. 1053, 1066 (D.N.J. 1989). To determine whether a state law claim is qualitatively different from a claim made under the Copyright Act, "courts generally examine both the elements of the state law cause of action and the way the plaintiff has actually pled that cause of action." *Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1304 (D.C. Cir. 2002).

Here, the gravamen of each of Plaintiff's state law claims arises from unlawful reproduction and/or distribution of the Painting-in-Suit. *See* Compl. at ¶ 154 (common law copyright claim based on defendants "[r]eproducing the Painting-in-Suit"); ¶ 165 (civil conspiracy claim alleging that defendants "entered into an agreement…to...sell[]….infringements of the Painting-in-Suit"); ¶ 172 (alleging tortious interference "with the federally granted, exclusive use

17

and exploitation of the Painting-in-Suit," i.e. the copyright); ¶ 182 (alleging consumer fraud based on alleged "omission of the material fact that Defendants are not the owners of the Painting-in-Suit…in connection with the sale or distribution and advertisement" of the Painting-in-Suit).

Therefore, each of these state law claims is preempted by the Copyright Act. *Cf. Mercom Grp., LLC v. Diati Staffing, LLC*, Civil Action No. 16-3475 (JBS/JS), 2016 U.S. Dist. LEXIS 97012, *8 (D.N.J. July 26, 2016); *see also FASA Corp. v. Playmates Toys, Inc.*, 869 F. Supp. 1334, 1359 (N.D.Ill.1994) ("courts addressing the issue of whether state law claims for tortious interference with contract (or prospective advantage) are preempted have generally concluded that such claims are preempted.") (citing *Harper & Row, Publishers, Inc. v. Nation Enters.*, 501 F. Supp. 848, 852-54 (S.D.N.Y. 1980), *aff'd in pertinent part and rev'd on other grounds*, 723 F.2d 195, 201 (2d Cir. 1983), *rev'd on other grounds*, 471 U.S. 539, 85 L. Ed. 2d 588, 105 S. Ct. 2218 (1985); *Long v. Quality Computers & Applications, Inc.*, 860 F. Supp. 191, 196-97 (M.D. Pa. 1994); *Acuff-Rose Music, Inc. v. Campbell*, 754 F. Supp. 1150, 1159-60 (M.D. Tenn. 1991), *rev'd on other grounds*, 972 F.2d 1429 (6th Cir. 1992), *rev'd on other grounds*, 127 L. Ed. 2d 500, 114 S. Ct. 1164 (1994); *Pacific & S. Co. v. Satellite Broadcast Networks, Inc.*, 694 F. Supp. 1565, 1572-73 (N.D. Ga. 1988), *rev'd on other grounds*, 940 F.2d 1467 (11th Cir. 1991); *Gemcraft Homes, Inc. v. Sumurdy*, 688 F. Supp. 289, 295 (E.D. Tex. 1988); *Motown Record Corp. v. George A. Hormel & Co.*, 657 F. Supp. 1236, 1240 (C.D. Cal. 1987); *McNabb Bennett & Assocs., Inc. v. Terp Meyers Architects,* LEXIS GENFED Library, Dist File, 1986 WL 7051 *4-*5 (N.D. Ill. June 11, 1986)).

## SECOND AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's claims are barred in whole or in part by laches.  Plaintiff affirmatively alleges

10042171v.1

that he knew that his rights had been violated in 2015.  Compl. at ¶¶ 26, 37.  Upon information and belief, Plaintiff was also aware that there was dispute over ownership of the Painting-in-Suit as Defendants acquired rights to the Painting-in-Suit from non-parties Jan Persson and Essence Art Reproductions on October 27, 2008 for a sum of $20,000.00 (Twenty Thousand Dollars) in exchange for which Defendants received all right, title and interest in several artworks, including the Painting-in-Suit, to the extent such right, title and interest was then-owned by Jan Persson and Essence Art Reproductions. In turn, Jan Persson and Essence Art Reproductions acquired their rights to the Painting-in-Suit via a Publishing Agreement with Mandrake Associates in 1999.  In the Publishing Agreement, Mandrake Associates "assigns, with no time limit, the worldwide reproduction rights" to "AND GOD SAW" to Jan Persson and Essence Art Reproductions.  Upon information and belief, Mandrake Associates was formed and operated by Plaintiff and his then-agent and girlfriend Gabriella Skylar, and Mandrake Associates represented that it had all right, title and interest to "AND GOD SAW" at the time of Mandrake Associates' contracting with Jan Persson and Essence Art Reproductions.

Notwithstanding the foregoing, Plaintiff took no legal action between 2015 and May 2019. In fact, Plaintiff affirmatively pleads that he met with Defendants to discuss the dispute on June 21, 2017, but thereafter took no action whatsoever for almost two years.  Compl. at ¶ 27. Therefore, Plaintiff's claims are barred by laches.

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff's claims are barred in whole or in part by estoppel.  Plaintiff affirmatively alleges that he knew that his rights had been violated in 2015.  Compl. at ¶¶ 26, 37.  Upon information and belief, Plaintiff was also aware that there was dispute over ownership of the Painting-in-Suit

19

as Defendants acquired rights to the Painting-in-Suit from non-parties Jan Persson and Essence Art Reproductions on October 27, 2008 for a sum of $20,000.00 (Twenty Thousand Dollars) in exchange for which Defendants received all right, title and interest in several artworks, including the Painting-in-Suit, to the extent such right, title and interest was then-owned by Jan Persson and Essence Art Reproductions. In turn, Jan Persson and Essence Art Reproductions acquired their rights to the Painting-in-Suit via a Publishing Agreement with Mandrake Associates in 1999.  In the Publishing Agreement, Mandrake Associates "assigns, with no time limit, the worldwide reproduction rights" to "AND GOD SAW" to Jan Persson and Essence Art Reproductions.  Upon information and belief, Mandrake Associates was formed and operated by Plaintiff and his then-agent and girlfriend Gabriella Skylar, and Mandrake Associates represented that it had all right, title and interest to "AND GOD SAW" at the time of Mandrake Associates' contracting with Jan Persson and Essence Art Reproductions.

Notwithstanding the foregoing, Plaintiff took no legal action between 2015 and May 2019. In fact, Plaintiff affirmatively pleads that he met with Defendants to discuss the dispute on June 21, 2017, but thereafter took no action whatsoever for almost two years.  Compl. at ¶ 27. Therefore, Plaintiff's claims are barred by estoppel.

## FOURTH AFFIRMATIVE DEFENSE
### (Acquiescence)

Plaintiff's claims are barred in whole or in part under by acquiescence.  Plaintiff affirmatively alleges that he knew that his rights had been violated in 2015.  Compl. at ¶¶ 26, 37. Upon information and belief, Plaintiff was also aware that there was dispute over ownership of the Painting-in-Suit as Defendants acquired rights to the Painting-in-Suit from non-parties Jan Persson and Essence Art Reproductions on October 27, 2008 for a sum of $20,000.00 (Twenty Thousand

20

10042171v.1

Dollars) in exchange for which Defendants received all right, title and interest in several artworks, including the Painting-in-Suit, to the extent such right, title and interest was then-owned by Jan Persson and Essence Art Reproductions. In turn, Jan Persson and Essence Art Reproductions acquired their rights to the Painting-in-Suit via a Publishing Agreement with Mandrake Associates in 1999. In the Publishing Agreement, Mandrake Associates "assigns, with no time limit, the worldwide reproduction rights" to "AND GOD SAW" to Jan Persson and Essence Art Reproductions. Upon information and belief, Mandrake Associates was formed and operated by Plaintiff and his then-agent and girlfriend Gabriella Skylar, and Mandrake Associates represented that it had all right, title and interest to "AND GOD SAW" at the time of Mandrake Associates' contracting with Jan Persson and Essence Art Reproductions.

Notwithstanding the foregoing, Plaintiff took no legal action between 2015 and May 2019. In fact, Plaintiff affirmatively pleads that he met with Defendants to discuss the dispute on June 21, 2017, but thereafter took no action whatsoever for almost two years. Compl. at ¶ 27. Therefore, Plaintiff's claims are barred because Plaintiff acquiesced to the use.

### FIFTH AFFIRMATIVE DEFENSE
#### (No Statutory Damages or Attorney's Fees)

On information and belief, Plaintiff failed to register the work alleged in the complaint for copyright within three months from first publication, and Plaintiff may therefore not recover statutory damages or attorney's fees for Defendants' alleged infringement of that work.

### SIXTH AFFIRMATIVE DEFENSE
#### (Lack of Standing)

On information and belief, Plaintiff's claims are barred, in whole or in part, by their lack of standing to assert a claim for copyright infringement due to defect in ownership of the applicable copyright.

10042171v.1

## SEVENTH AFFIRMATIVE DEFENSE
### (Innocent Infringement)

Plaintiff's claims are barred, or its remedies limited, because Defendants' use of the work at issue was made with innocent intent and without any belief that any of its acts constituted an infringement or violation.

## EIGHTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

Copyright infringement is subject to a three-year statute of limitations. "No civil action shall be maintained under the provisions of [the Copyright Act] unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). "[A] claim accrues when the plaintiff discovers or should have discovered with 'due diligence' that his rights had been violated..." *Live Face on Web, LLC v. Smart Move Search, Inc.*, No. 15-4198 (JHR/AMD), 2017 U.S. Dist. LEXIS 40247, *5 n.2 (D.N.J. Mar. 21, 2017) (citing *Brownstein v. Lindsay*, 742 F.3d 55, 69-70 (3d Cir. 2014)).

Here, Plaintiff affirmatively alleges that he knew that his rights had been violated in 2015. Compl. at ¶¶ 26, 37. Even assuming *arguendo* that Plaintiff first became aware of the alleged infringement on the last day 2015, the statute of limitations ran on his claims no later than January 1, 2019. The Complaint was not filed until May 29, 2019—almost five full months too late. Accordingly, Plaintiff's claims under the Copyright Act are barred, in whole or in part, by the statute of limitations.

The civil conspiracy cause of action is derivative of the copyright infringement claims, and therefore is also time barred. *See Aletta v. County of Bergen*, 2015 N.J. Super. Unpub. LEXIS 1722, *19 (N.J. Sup. Ct., Bergen Cty. June 30, 2015).

**NINTH AFFIRMATIVE DEFENSE**
**(Pre-emption)**

Plaintiff's claims arising under New Jersey law are pre-empted by the Copyright Act.

With respect to the common law copyright claim under New Jersey law, such claims are *per se* pre-empted by the Copyright Act, except for certain categories of works fixed prior to January 1, 1978. *See Rowe v. Golden W. TV Prods.*, 184 N.J. Super. 264, 273, 445 A.2d 1165 (Super. Ct. App. Div. 1982). Plaintiff expressly pleads that the work-in-suit was fixed in 1993. Compl. at ¶ 23. Therefore, the common law copyright claims are preempted.

With respect to the state law claims of civil conspiracy, tortious interference, and violation of the New Jersey Consumer Fraud Act, "[p]ursuant to § 301, a state law claim is preempted by the federal copyright laws if the following two conditions are satisfied: (1) the subject matter of the work which gives rise to the state law claim falls within the subject matter of the copyright laws as set forth in sections 102 and 103 of Title 17; and (2) the state law creates rights which are 'equivalent to' any of the exclusive rights granted to a copyright holder under § 106." *SBK Catalogue P'ship v. Orion Pictures Corp.*, 723 F. Supp. 1053, 1066 (D.N.J. 1989). To determine whether a state law claim is qualitatively different from a claim made under the Copyright Act, "courts generally examine both the elements of the state law cause of action and the way the plaintiff has actually pled that cause of action." *Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1304 (D.C. Cir. 2002).

Here, the gravamen of each of Plaintiff's state law claims arises from unlawful reproduction and/or distribution of the Painting-in-Suit. *See* Compl. at ¶ 154 (common law copyright claim based on defendants "[r]eproducing the Painting-in-Suit"); ¶ 165 (civil conspiracy claim alleging that defendants "entered into an agreement…to...sell[]….infringements of the

23

Painting-in-Suit"); ¶ 172 (alleging tortious interference "with the federally granted, exclusive use and exploitation of the Painting-in-Suit," i.e. the copyright); ¶ 182 (alleging consumer fraud based on alleged "omission of the material fact that Defendants are not the owners of the Painting-in-Suit…in connection with the sale or distribution and advertisement" of the Painting-in-Suit).

Therefore, each of these state law claims is preempted by the Copyright Act. *Cf. Mercom Grp., LLC v. Diati Staffing, LLC*, Civil Action No. 16-3475 (JBS/JS), 2016 U.S. Dist. LEXIS 97012, *8 (D.N.J. July 26, 2016); *see also FASA Corp. v. Playmates Toys, Inc.*, 869 F. Supp. 1334, 1359 (N.D.Ill.1994) ("courts addressing the issue of whether state law claims for tortious interference with contract (or prospective advantage) are preempted have generally concluded that such claims are preempted.") (citing *Harper & Row, Publishers, Inc. v. Nation Enters.*, 501 F. Supp. 848, 852-54 (S.D.N.Y. 1980), *aff'd in pertinent part and rev'd on other grounds*, 723 F.2d 195, 201 (2d Cir. 1983), *rev'd on other grounds*, 471 U.S. 539, 85 L. Ed. 2d 588, 105 S. Ct. 2218 (1985); *Long v. Quality Computers & Applications, Inc.*, 860 F. Supp. 191, 196-97 (M.D. Pa. 1994); *Acuff-Rose Music, Inc. v. Campbell*, 754 F. Supp. 1150, 1159-60 (M.D. Tenn. 1991), *rev'd on other grounds*, 972 F.2d 1429 (6th Cir. 1992), *rev'd on other grounds*, 127 L. Ed. 2d 500, 114 S. Ct. 1164 (1994); *Pacific & S. Co. v. Satellite Broadcast Networks, Inc.*, 694 F. Supp. 1565, 1572-73 (N.D. Ga. 1988), *rev'd on other grounds*, 940 F.2d 1467 (11th Cir. 1991); *Gemcraft Homes, Inc. v. Sumurdy*, 688 F. Supp. 289, 295 (E.D. Tex. 1988); *Motown Record Corp. v. George A. Hormel & Co.*, 657 F. Supp. 1236, 1240 (C.D. Cal. 1987); *McNabb Bennett & Assocs., Inc. v. Terp Meyers Architects,* LEXIS GENFED Library, Dist File, 1986 WL 7051 *4-*5 (N.D. Ill. June 11, 1986)).

## TENTH AFFIRMATIVE DEFENSE
### (Noninfringement)

To the extent, if any, Plaintiff holds valid copyrights, said copyrights are not infringed. Defendants acquired rights to the Painting-in-Suit from non-parties Jan Persson and Essence Art Reproductions on October 27, 2008 for a sum of $20,000.00 (Twenty Thousand Dollars) in exchange for which Defendants received all right, title and interest in several artworks, including the Painting-in-Suit, to the extent such right, title and interest was then-owned by Jan Persson and Essence Art Reproductions. In turn, Jan Persson and Essence Art Reproductions acquired their rights to the Painting-in-Suit via a Publishing Agreement with Mandrake Associates in 1999. In the Publishing Agreement, Mandrake Associates "assigns, with no time limit, the worldwide reproduction rights" to "AND GOD SAW" to Jan Persson and Essence Art Reproductions. Upon information and belief, Mandrake Associates was formed and operated by Plaintiff and his then-agent and girlfriend Gabriella Skylar, and Mandrake Associates represented that it had all right, title and interest to "AND GOD SAW" at the time of Mandrake Associates' contracting with Jan Persson and Essence Art Reproductions. Accordingly, any alleged use of the copyrights by Defendants is *per se* non-infringing.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Bad Faith)

The Complaint fails because Defendants have conducted themselves at all times in good faith, with a reasonable belief that their actions did not constitute a violation or infringement of any other person or entity's rights.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Valid Copyright)

Plaintiff's claims are barred because Plaintiff does not own a valid copyright in the work

10042171v.1

referred to in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (License)

Plaintiff's claim fails because Defendants, at minimum, enjoy a valid license in the subject work.  Specifically, Defendants' rights to the Painting-in-Suit were obtained from non-parties Jan Persson and Essence Art Reproductions on October 27, 2008 for a sum of $20,000.00 (Twenty Thousand Dollars) in exchange for which Defendants received all right, title and interest in several artworks, including the Painting-in-Suit, to the extent such right, title and interest was then-owned by Jan Persson and Essence Art Reproductions. In turn, Jan Persson and Essence Art Reproductions acquired their rights to the Painting-in-Suit via a Publishing Agreement with Mandrake Associates in 1999.  In the Publishing Agreement, Mandrake Associates "assigns, with no time limit, the worldwide reproduction rights" to "AND GOD SAW" to Jan Persson and Essence Art Reproductions.  Upon information and belief, Mandrake Associates was formed and operated by Plaintiff and his then-agent and girlfriend Gabriella Skylar, and Mandrake Associates represented that it had all right, title and interest to "AND GOD SAW" at the time of Mandrake Associates' contracting with Jan Persson and Essence Art Reproductions.

## RESERVATION OF RIGHT TO AMEND

To the extent Defendants may have other separate and/or additional defenses of which they are not aware, Defendants reserve the right to assert them by amendment to this Answer as discovery continues.

## JURY DEMAND

Defendants demand a trial by jury.

**WHEREFORE**, Defendants respectfully request that the Complaint asserted against them

26

10042171v.1

be dismissed in its entirety and all relief requested therein be denied, and that the Court award

Defendants such further relief as the Court deems just and proper.

Dated: August 19, 2019

Respectfully submitted,

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: /s/ Jura Zibas
Jura Zibas
150 East 42nd Street
New York, NY 10017-5639
Telephone: 212-490-3000
Facsimile: 212-490-3038
Email: jura.zibas@wilsonelser.com
Our File No.: 12742.00045

*Counsel for Bruce Teleky and Bruce Teleky Inc.*

27

10042171v.1